# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ESTHER PETROVITCH,**

        **Plaintiff,**

**-vs-**                                                **Case No. 6:11-cv-1251-Orl-28DAB**

**M. KALAKOTA, M.D., P.A. and**
**MADHUSUDAWA KALAKOTA,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 20)**
>
> **FILED:**      **October 11, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action

for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Plaintiff was employed by Defendants from August 1996 to January 2010 as a non-exempt, hourly medical assistant. Within the three year statute of limitations, which looks back to July 2008, Plaintiff was employed for a total of approximately 70 weeks and she originally sought overtime of for five hours per week for that full time period. However, Plaintiff became aware in reviewing her time records, that she took paid time off in the form of "comp time," vacation time, and sick leave for 16 weeks within the two year statute of limitations. Additionally, there were 16 other weeks in which Plaintiff was off to observe holidays. Therefore, Plaintiff would not have worked overtime in these weeks, and would not be entitled to overtime compensation for those weeks. Therefore, for the remaining 38 weeks, Plaintiff's revised alleged damages were: 5 hours x $28.50 overtime rate x 38 weeks = $5,415.00.

Defendants deny that any sums are owed to Plaintiff and disputed Plaintiff's calculations based on Defendants' review of Plaintiff's time cards including missing, hand written, and over-written punches and entries, however, Defendants agreed to compensate Plaintiff in the amount of $5,500.00, which fully compensates Plaintiff for her overtime damages claimed.

The parties state that Plaintiff is receiving 100% of her revised overtime wages alleged based on her time and compensation records, although Defendants deny the extent of liability to Plaintiff. Plaintiff points out that she is receiving all of the overtime wages she could have recovered within the 3 year statute of limitations, as opposed to the presumptive 2 year statute of limitations, even though she would have to meet the heightened willfulness standard to obtain those damages. No liquidated damages are included in resolution of the claim because there remains a bona fide dispute as to whether Defendants' alleged failure to compensate Plaintiff with overtime was not in good faith, based on the fact that Plaintiff "self-reported" her time to Defendants, that she frequently missed, handwrote, or over-wrote punches on her time cards, that she was provided with substantial "comp time" or other time off in many weeks, and that there is no evidence that Defendants sought intentionally to violate the FLSA by compensating Plaintiff in the manner they did. However, Defendants have agreed to resolve Plaintiff's claims nonetheless. Doc. 20.

The parties have agreed that Defendant will pay Plaintiff's attorneys $4,080 in attorney's fees for 19 hours spent on the case and $420 in costs. Doc. No. 20. For total fees of $4,080 divided by 19 hours, the hourly rate is $215 (and is discounted by what they allege to be 17%) compared to

Plaintiff's attorneys' normal rates of $350[1] to $250 per hour. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

The settlement to Plaintiff of $5,500.00 for unpaid overtime wages and $4,500 for attorney's fees and costs is a fair and reasonable settlement. Accordingly, the Joint Motion for Approval of Settlement Agreement and Stipulation of Dismissal With Prejudice (Doc. No. 20) is **GRANTED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 13, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[1] The Court does not find an hourly rate of $350 for Mr. Shavitz to be reasonable, but notes that he relies on cases in which he has been awarded that rate in the Southern District of Florida, which is a different local market, and not necessarily the rate he would receive in the Middle District of Florida. *See* Doc. 20 at 6-7.